## UNITED STATES ex rel. MASTER v. BALDI.

### No. 10486.

United States Court of Appeals
Third Circuit.

Argued May 20, 1952.

Decided July 8, 1952.

---

10. Rodd v. United States, 9 Cir., 165 F.2d 54.

David Berger, Philadelphia, Pa., for appellant.

Malcolm Berkowitz, Philadelphia, Pa. (John F. Kane, Asst. Dist. Atty., John H. Maurer, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

STALEY, Circuit Judge.

This is an appeal from a judgment of the district court dismissing a petition for a writ of habeas corpus. At the time the petition was filed, relator was incarcerated in the Philadelphia County Prison serving a sentence imposed on him upon his conviction in 1948 for receiving stolen goods. Relator contends that the Commonwealth of Pennsylvania has denied him due process of law by kidnapping him from Maryland to Pennsylvania, forcing him to confess by the infliction of physical violence, and using the coerced confession to convict him.

The petition alleges the following facts: On April 23, 1947, William Hallowell, while committing a robbery, shot and killed two Philadelphia policemen. Later that day, in a confession, Hallowell implicated relator, who was apprehended by two Philadelphia detectives two days later in Maryland. The relator further alleges that the detectives forcibly removed him from Maryland through Delaware and thence into Pennsylvania in violation of the Maryland Uniform Criminal Extradition Law, Code 1939, art. 41, § 13 et seq. Relator was then taken to a Philadelphia police and detective headquarters, where he was interrogated by Philadelphia detectives. It is averred that when relator refused a police lieutenant's demand that he confess, three detectives struck him violently in the face, neck, stomach and other parts of the body, battering him into temporary blindness. He was then handed a paper and ordered to sign; he refused, and was again beaten by the three detectives until one of them held his hand and forced a so-called signature to a paper. This paper was a confession to numerous crimes, including robbery, burglary, and receiving stolen goods. Relator alleges that he was not allowed to see any friends or relatives until after he had signed the confession; but after signing, he was allowed to see his father, two brothers, and a family lawyer, all of whom observed his battered physical condition. Relator was not slated as a prisoner until the next day, April 26, and was not taken before a Magistrate for a hearing until April 27, whereupon he was held for the Grand Jury, charged with robbery, burglary, receiving stolen goods, carrying a concealed deadly weapon, and other related offenses. He was subsequently indicted and tried on June 23, 1948, at which time his confession was introduced into evidence over his objection. The jury found relator guilty of receiving stolen goods but acquitted him on all other counts On November 10, 1948, a sentence of two and a half years was imposed. No appeal was taken.

Relator further alleges that on March 10, 1949, he petitioned the Court of Quarter Sessions of Philadelphia County for a writ of habeas corpus, averring essentially the same facts alleged in the petition before the district court. Hearings were held before Judge Vincent A. Carroll, who found relator's averments to be true and concluded that he had been denied due process of law. Relator was thereupon released from the Philadelphia County Prison on June 10, 1949,[1] in pursuance of an order of Judge Carroll. The Commonwealth instituted an appeal to the Superior Court, which court reversed the order of Judge Carroll, holding, *inter alia,* that relator's confession was not coerced. Commonwealth ex rel. Master v. Baldi, 1950, 166 Pa.Super. 413, 72 A.2d 150. Relator's successive petitions to the Supreme Court of Pennsylvania for allowance of an appeal and to the

---

1. Relator was free from June 10, 1949, until February 20, 1951, when he was retaken into the custody of respondent.

Supreme Court of the United States[2] for a writ of certiorari were both denied.

The district court issued upon respondent a rule to show cause why the writ should not issue, whereupon the latter filed a written answer which did not deny any of the allegations of the petition but merely stated that on the facts averred habeas corpus was not the proper remedy. There was an oral argument, following which the district court denied the petition.

The respondent's answer was in the nature of a demurrer. The factual averments of the petition, thus undenied, must be taken to be true. House v. Mayo, 1945, 324 U.S. 42, 45, 65 S.Ct. 517, 89 L.Ed. 739. The answer was designed to raise a single issue of law, i.e., whether, under the facts of this case, the use of a coerced confession can be challenged in the instant habeas corpus proceeding. A related problem, although not one specifically raised by the answer, is whether relator has exhausted his state remedies.

■■■ Relator's failure to appeal from his conviction raises the problem of exhaustion of state remedies. We think that Wade v. Mayo, 1948, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647, is dispositive of this case. The Supreme Court there held that the exhaustion of one of several available alternative state remedies is all that is necessary to meet the requirement of Ex parte Hawk.[3] In the Wade case, as here, relator failed to take an appeal but subsequently raised the constitutional issue there involved in a habeas corpus proceeding in the state courts. In that case, as in the instant one, the state courts in the habeas corpus proceeding passed on the merits of the constitutional issue. The opinion of the Pennsylvania Superior Court makes it clear that, although the writ of habeas corpus in Pennsylvania cannot be used as a substitute for an appeal, a judgment rendered in violation of the Fourteenth Amendment is subject to collateral attack. Commonwealth ex rel. Master v. Baldi, 166 Pa.Super. at page 418, 72 A.2d at page 153.

Hence, we conclude that relator has exhausted his state remedies.

■■■ Relator, having satisfied the exhaustion requirements, has petitioned the district court for the relief which Pennsylvania has denied him. We need not repeat that we are not an appellate court for the review of errors under state law. United States ex rel. Smith v. Baldi, 3 Cir., 1951, 192 F.2d 540, 544, certiorari granted Pennsylvania ex rel. Smith v. Ashe, 340 U.S. 812, 71 S.Ct. 40, 95 L.Ed. 597. But if relator's petition sets forth a violation of his constitutional rights, then a writ of habeas corpus is the appropriate remedy. See Bowen v. Johnston, 1939, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455; Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; United States ex rel. Smith v. Baldi, supra. In the Smith case we considered the perplexing question of when the lower federal courts should examine the merits of a constitutional issue where the state courts have adjudicated the merits of the issue adversely to relator. We reiterate that it is a highly uncomfortable position for judges of the district courts and courts of appeals, in effect, to review decisions of the highest court of a state. Nonetheless, we held in the Smith case that although the decision of the state court is to be accorded great weight by a district court, the latter is obliged to pass upon the merits of the petition. We adhere to that view here.

■■■ We pass now to the merits. Do the allegations of the petition sufficiently allege a deprivation of relator's rights under the Fourteenth Amendment? With respect to the alleged kidnapping, the Supreme Court of the United States has very recently affirmed the long established rule that "the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reasons of a 'forcible abduction.'" Frisbie v. Collins, 1952, 342 U.S. 519, 522, 72 S.Ct. 509, 510. That case is completely dispositive of relator's allega-

2. Pennsylvania ex rel. Master v. Baldi, 1950, 340 U.S. 866, 71 S.Ct. 88, 95 L.Ed. 632.

3. 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L. Ed. 572.

tion that he was denied due process by the kidnapping.

With respect to the confession, we need hardly add our voice to that of the Supreme Court, which time and again has condemned the use of coerced confessions as an outrageous denial of due process. Watts v. Indiana, 1949, 338 U.S. 49, 69 S. Ct. 1347, 93 L.Ed. 1801; Lyons v. Oklahoma, 1944, 322 U.S. 596, 64 S.Ct. 1208, 88 L.Ed. 1481; Lisenba v. California, 1941, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166; Chambers v. Florida, 1940, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716. If relator's allegations are true, his confession was clearly coerced, and the concept of due process would void his trial. Lisenba v. California, supra, 314 U.S. at page 237, 62 S.Ct. 280. Hence, on the basis of the record before us, the district court erred in dismissing the petition without a hearing. The cause must be remanded.

In this appeal, respondent contends that the Commonwealth has at all times asserted that the confession was in fact voluntary. Respondent's position here is that the issue of the voluntary nature of the confession was a disputed one at the trial and that the issue was properly submitted to the jury in accordance with Pennsylvania law. Unfortunately, there is nothing in the record before us to support this position. The transcript of proceedings of relator's trial was not a part of the record before the district court nor is it before us. Neither are the proceedings in the habeas corpus action before Judge Carroll a part

of the record in this proceeding. Since the cause must be remanded, however, we think it not inappropriate to pass on the respondent's contentions and, at the same time, outline the task before the district court on remand.

In deciding the constitutional issue of whether a coerced confession was used to convict, the Supreme Court has uniformly considered only the undisputed facts. Any conflict in testimony is considered resolved by the state's adjudication. Watts v. Indiana, supra. The determination of the triers of fact is accepted "unless it is so lacking in support in the evidence that to give it effect would work that fundamental unfairness which is at war with due process." Lisenba v. California, supra, 314 U.S. at page 238, 62 S. Ct. at page 291.

The district court, on remand, should be guided by a similar rule. If, on the basis of the undisputed testimony adduced at the trial, the district court determines that the confession is coerced, then the writ must be granted. If, however, a determination of the constitutional issue depends on the resolution of a disputed factual question of voluntariness which has already been passed on by a jury, we think that, except in extraordinary cases, the district court should not reopen the factual issue and redetermine it.[4] Cf. Coggins v. O'Brien, 1 Cir., 1951, 188 F.2d 130, certiorari denied Coggins v. Massachusetts, 338 U.S. 881, 70 S.Ct. 152, 94 L.Ed. 541. The opinion of Mr. Justice Reed in Lyons v. Oklahoma,

4. Relator places stress on the fact that Judge Carroll, in the state habeas corpus proceeding, found as a fact that the confession was coerced. Relator contends that the Superior Court, in reversing the order of Judge Carroll, did not hold his fact-findings to be erroneous, but merely applied wrong law in reaching the conclusion that relator's constitutional rights were not violated. We do not so interpret the opinion of the Superior Court. That opinion, as we read it, is based on an alternative holding. First, the Court asserts, in effect, that where the issue of voluntariness was submitted to a jury, the Court of Quarter Sessions is not authorized in a habeas corpus proceeding to make a de novo adjudication of

the factual issue of voluntariness. 166 Pa.Super. at pages 426–427, 72 A.2d at page 157. The jury's verdict is not to be overturned except upon a definite and conclusive showing of want of due process of law in obtaining the conviction. The alternative holding of the Court is that even upon an independent determination of the facts, a finding of physical violence could not be sustained "without a capricious disregard of the credible testimony and the substantiating circumstances." 166 Pa.Super. at page 425, 72 A.2d at page 156. With Judge Carroll's order reversed, the jury's verdict remains as the sole independent adjudication of the issue of voluntariness by a Pennsylvania court.

supra, 322 U.S. at page 605, 64 S.Ct. at page 1213 expresses this view succinctly: *"The Fourteenth Amendment does not provide review of mere error in jury verdicts, even though the error concerns the voluntary character of a confession."* [5] (Italics supplied).

We are in the realm of procedural due process. The Fourteenth Amendment does not guarantee that no innocent man shall be convicted. Nor does it guarantee that no man shall ever be convicted by the use of a coerced confession. The issue of voluntariness, like the broader issue of guilt or innocence, is customarily determined by a jury. Nonetheless, although the Fourteenth Amendment does not provide for a mere review of error in a jury's verdict, it does assure the accused that the state's procedure in adjudicating the factual issue of voluntariness must accord with due process. See dissenting opinion of Mr. Justice Burton in Haley v. Ohio, 1948, 332 U.S. 596, 615, 68 S.Ct. 302, 92 L.Ed. 224. A judge's charge on the issue of voluntariness might be so clearly erroneous as to deny the accused due process. Similarly, the determination of the state might be so utterly lacking in support in the evidence that a district court might properly conclude either that the state's procedure has not conformed to due process, see Lisenba v. California, supra 314 U.S. at page 238, 62 S.Ct. 280, or else that the case presents an extraordinary one which justifies the district court in making an independent adjudication of the factual issue.

On remand, respondent should be allowed, if it so wishes, to amend its return so that it may avail itself of the allegations presented to this court. If there is a transcript of the proceedings of relator's trial available, we think it would be proper for respondent to attach to its amended return a certified copy of such transcript. See Ex parte Yarbrough, 1884, 110 U.S. 651, 653, 4 S.Ct. 152, 28 L.Ed. 274; cf. 28 U.S.C. § 2249. The relator is, of course, entitled to traverse the amended return, see Walker v. Johnston, 312 U.S. 275, 285, 61 S.Ct. 574, 85 L.Ed. 830, and may aver facts which indicate that he was denied procedural due process by the Commonwealth of Pennsylvania in its adjudication of the factual issue of the voluntariness of the confession. On the basis of the petition, return, and traverse, the district court may be able to dispose of the petition without the need for a hearing.

In summary, where a prisoner in state custody petitions a federal district court for a writ of habeas corpus, alleging he was convicted with the aid of a coerced confession, and where it appears that the issue of voluntariness was submitted to the jury, the role of the district court should be, at most, a two-fold one. First, it should determine whether an inference of coercion must necessarily be drawn on the basis of the uncontradicted evidence adduced at the trial. Second, should the issue be raised by the petition, return, and traverse, it should determine whether the state's adjudication of the issue of voluntariness conformed to the standards of due process. Needless to say, the second proposition embraces the first, for where the undisputed evidence reveals coercion, the adjudication can hardly be said to be in accord with due process.

---

5. The jury's verdict here may seem somewhat anomalous in that relator was acquitted of several crimes embraced in the confession. Nevertheless, we do not think that it is within our province to speculate on the logic or lack of logic underlying the jury's verdict. It is perfectly possible that the jury found the confession to be coerced but convicted relator of receiving stolen goods on the basis of other evidence. If such was the case, it would certainly not constitute any denial of due process, for the jury would have been acting strictly in accordance with the traditional instructions. The above situation is not to be confused with that in which the confession is considered coerced on the basis of the undisputed testimony so that the very admission of the confession into evidence constitutes prejudicial error. In the latter situation, the Supreme Court has held that it will not look to see whether the conviction is supported by other evidence. Haley v. Ohio, 332 U.S. 596, 599, 68 S. Ct. 302, 92 L.Ed. 224; Lyons v. Oklahoma, 322 U.S. 596, 597, note 1, 64 S.Ct. 1208, 88 L.Ed. 1481.

The judgment of the district court will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.