No. 20,152.

JOHN M. SCHOOLEY, MANAGER OF SAFETY, ETC., ET AL., *v.*
MORLAN ROBERT WILSON.

(374 P. [2d] 353)

Decided September 4, 1962.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for
plaintiffs in error.

No appearance for defendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

WILSON in his petition for a writ of habeas corpus alleged that he was "unlawfully confined, detained and restrained of his liberty in the county jail," and that his imprisonment resulted from an invalid "hold order" issued by the Colorado Parole Department. Illegality of the imprisonment was based upon the action of the Parole Board in holding him as an alleged parole violator for more than fifteen days without the alternative action required by the statute of either releasing him or revoking his parole and returning him to the institution from which he was paroled.

The writ issued, to which Schooley and Still, in their official capacities, made a return. Material allegations in the return were denied by Wilson, and thus there were framed the issues to be determined by the trial court. These issues were considerably different from those suggested by the original petition. Evidence was taken, and at the conclusion thereof the trial court made permanent the writ of habeas corpus and released Wilson.

Violation of Chapter 104, 39-17-6, Session Laws of Colorado 1961, in that successive hold orders extended the investigatory time beyond the fifteen-day period provided by the statute, was the basic ground upon which the trial court discharged Wilson.

This section reads in part as follows:

"39-17-6. — Procedure for revocation. — (1) The executive director, his assistants, or the parole officers, or any of them whenever they have reason to believe that the conditions of parole have been violated by any parolee, shall have the right to arrest such suspected violator with or without warrant and to hold him in the nearest county jail for a period not to exceed twelve days while an investigation is made of the suspected violation. If it is determined that no violation has oc-

curred, then the suspected violator shall be immediately released; but, if such investigation discloses that a violation has occurred, the investigating officer shall file his written report and recommendations with the executive director for action by the board as to suspension, revocation or continuance of parole. Within three days after such report and recommendations are filed, the executive director shall temporarily suspend the parole of such parolee and return the parolee to the institution from which he was paroled, there to await the final action of the board * * *. No parolee shall be kept in jail by the state department of parole for a period of more than fifteen days at any one period of time."

We dispose of this review by our answer to a fundamental question. We pose the question: Can a person on parole resort to the remedy of habeas corpus where parole officers are not following the mandate of the statute in regard to revocatory proceedings?

A paroled prisoner is one conditionally released from actual custody but who is, in the contemplation of the law, still in "legal custody" and constructively a prisoner of the state. C.R.S. '53, 39-18-3 and 39-18-4 (4). See *Ex parte Tabor,* 173 Kan. 686, 250 P. (2d) 793; *In re Eddinger,* 236 Mich. 668, 211 N.W. 54; *McCoy v. Harris, Warden,* 108 Utah 407, 160 P. (2d) 721; 67 C.J.S. §22, pg. 610.

The arrest of a parolee for an alleged violation of the conditions of his parole results in a transposition from constructive to physical custody of such parolee. A prisoner released on parole is under a restraint imposed by law; he is not a free man. "A prisoner on parole is not free from legal restraint by the penal authorities, * * * but 'is constructively a prisoner of the state in the legal custody and under the control of the state board of prison directors.'" *People v. Denne,* 141 Cal. App. (2d) 499, 297 P. (2d) 451.

Wilson's actual imprisonment at a time when he

should have been only constructively imprisoned constituted an unlawful restraint of his liberty — a restraint upon his right to return to the status of a constructive prisoner of the state after the passage of the twelve- and three-day periods specified in the statute. Habeas corpus is the remedy for an unlawful restraint of one's liberty as well as for an unlawful imprisonment. 39 C.J.S., Habeas Corpus, §9, pgs. 439, 440.

When one entitled to his liberty, even though in constructive custody of the state, is actually imprisoned, his imprisonment becomes "more onerous than the law allows." Under such circumstances he may resort to the remedy of habeas corpus and is entitled to be released from physical confinement and restored to a constructive custody. *Ex parte Rider,* 50 Cal. App. 797, 195 Pac. 965.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE PRINGLE concur.