David SMITH, Petitioner,

v.

Harry C. TINSLEY, Warden, Colorado State Penitentiary, Respondent.

Civ. A. No. 8201.

United States District Court
D. Colorado.

Nov. 7, 1963.

Malcolm E. MacDougall, Denver, Colo., for petitioner.

Duke W. Dunbar, Atty. Gen., John E. Bush, Asst. Atty. Gen., Denver, Colo., for respondent.

DOYLE, District Judge.

In 1943, David Smith, the petitioner in the instant case, was arraigned in the District Court for and in the County of Pueblo, on an Information charging murder. Through his attorney, he entered a plea of guilty to second degree murder.

Both on a prior motion to vacate sentence and judgment under Rule 35(b) of the Colorado Rules of Criminal Procedure, and in the instant petition, Smith has alleged that the procedure followed on arraignment was unlawful in that: 1) he was permitted to plead guilty to a charge of second degree murder (rather than being required to plead to a charge of murder, *simpliciter*); and in that 2) no jury was impaneled to hear evidence in mitigation or aggravation of the offense. Petitioner further alleged, both in the Rule 35(b) proceeding and in the instant petition, that his plea of guilty was coerced by threats of imposition of the death penalty unless he would plead guilty to second degree murder. At the time of the arraignment, conviction, and sentencing, petitioner was sixteen years of age. He was represented by counsel during all of the proceedings. His claim that he was denied due process in violation of the Fourteenth Amendment is based, then, 1) on the fact that the trial court, allegedly in violation of the controlling statute, accepted a plea of guilty to second degree murder, and 2) on the fact that his plea was allegedly coerced. These grounds are contained in his petition in this court for issuance of a federal writ of habeas corpus.

At this point the question which must be decided is whether this court can properly exercise jurisdiction to issue a writ of habeas corpus. The governing statutory provision is section 2254, Title 28 United States Code. It reads:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

Federal district courts are thus prohibited from issuing writs of habeas corpus in behalf of persons in custody pursuant to the judgments of state courts until the petitioner has exhausted the available state remedies. Since the decision of the Supreme Court in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963), the requirement imposed by section 2254 is satisfied when the petitioner has exhausted the state remedies open to him at the time he filed his petition in a federal district court. If the time for appeal to a state appellate court has run before the petitioner applies to a federal district court for habeas corpus the petitioner will not be remediless in the federal courts unless the failure to appeal in the state courts was part of a studied attempt to bypass the orderly procedure of the state courts. Otherwise, failure to appeal in the state courts will not work a forfeiture of both state-court and federal-court remedies.

■ Where an appeal from the original conviction to a state appellate court is still possible, it is equally clear, the available state remedies have not been exhausted. This was the ground for denial of the federal writ in the case of Matz v. Tinsley, Civil Action No. 7987 (D. Colo.), decided July 31, 1963 by Judge Arraj.

■ In the instant case, however, appeal to the Colorado Supreme Court from the original conviction was never possible. This was so because, under the rule of People v. Brown, 87 Colo. 261, 286 P. 859 (1930), no right of appeal existed following a plea of guilty. But even if petitioner could have appealed, it is clear from Fay v. Noia that he would not have forfeited his right to petition a federal court for habeas corpus under the present circumstances by reason of having failed to appeal from his original conviction to the Colorado Supreme Court, for he, like Noia, would thereby have risked the imposition of the death penalty.

It is to be noted that petitioner also sought habeas corpus in the state courts. He would appear to have pursued this remedy several times and also to have sought either review or original relief in the Colorado Supreme Court on several occasions.

It is to be here noted that habeas corpus is a limited remedy in Colorado. It is not available for an alleged denial of due process occasioned by a faulty arraignment or a coerced plea. As the Colorado Supreme Court has again made clear in one of its recent opinions, Specht v. Tinsley, Colo., 385 P.2d 423 (1963):

"Habeas corpus is not intended to take the place of review by writ of error, and the fact that one may be improperly or unlawfully confined 'for any criminal or supposed criminal matter' does not, *ipso facto*, entitle him to be 'discharged' or 'admitted to bail' or in 'any other manner relieved' through the use of habeas corpus. In Colorado, habeas corpus historically has been available to one who has been committed in a criminal proceeding only when one or more of the following situations exist:

"1. The sentencing court had no jurisdiction of the person of the accused; or

"2. The sentencing court had no jurisdiction of the crime alleged in the information or indictment; or

"3. The sentence imposed was not 'within the prescribed statutory limits', be it as to the sentence proper or the designated place of incarceration.

"See Lowe v. People, 139 Colo. 578, 342 P.2d 631; Freeman v. Tinsley, 135 Colo. 62, 308 P.2d 220 and Stilley v. Tinsley, Colo., 385 P.2d 677." 385 P.2d at 424–425.

State habeas corpus is conceded by the Attorney General of Colorado, arguing for the respondent in this action, to be an irrelevant and inadequate remedy for the alleged denial of due process. As he stated in his Return:

" * * * In any event, the habeas corpus proceedings undertaken by the petitioner in the state court is immaterial since this is an improper procedure under Colorado practice to raise [the] issue [of coerced plea]." Return, dated October 7, 1963, page 2.

The Attorney General argues, rather, that the proper state remedy is a proceeding under Rule 35(b) of the Colorado Rules of Criminal Procedure. If Colorado Rule 35(b) meant what it might appear to mean on its face, it could be conceded that a Rule 35(b) proceeding would offer an adequate state post-conviction remedy for this alleged denial of due process. There is some indication, however, that in the period prior to the time that petitioner sought relief under Rule 35(b) the Colorado Supreme Court had given to Rule 35(b) much the same construction that it had given to habeas corpus, in spite of the broad language of the Rule. In Hudspeth v. People, Colo.,

375 P.2d 518 (1962), the leading Colorado case construing Rule 35(b), the Colorado Supreme Court dealt with a fact situation in which Hudspeth, who had plead guilty to a burglary charge on July 13, 1961, moved, before he was sentenced, for a change of plea. The imposition of sentence was thereupon postponed. At a hearing on that motion on August 7, 1961, the motion was denied. Sentence was imposed and Hudspeth was taken to the Colorado State Penitentiary. On November 9, 1961, he filed, assertedly under Rule 35(b), a "Motion to Vacate and to Set Aside a Judgment and for an Injunction to Enjoin the Enforcement of Same," in which he alleged that his confession of guilt and his plea of guilty was obtained by the use of threats that his sister would be arrested and prosecuted in connection with the offense which he and another had allegedly committed if he would not admit participation in the crime. The issue of coerced plea was thus raised in a motion which the trial court treated as a motion made pursuant to Rule 35(b). The trial court denied the motion. On appeal, the Colorado Supreme Court said:

> " * * * The court denied this motion and in so doing correctly stated that:
>
> > " 'The Court has given consideration to the last mentioned Motion in the light of Rule 35(b) Colorado Rules of Criminal Procedure, and upon examination of such Motion, being of the opinion that the allegations thereof, to-wit: a conviction allegedly based upon an involuntary confession, and a refusal to allow a change of plea, are not the type which warrant the granting of the relief herein requested because *such allegations* and prayer for relief properly *should be reviewed on writ of error.*' " [Emphasis added] 375 P.2d at 520.

Hudspeth had entered a plea of guilty. Rule 37(d) of the Colorado Rules of Criminal Procedure plainly specifies that: "No writ of error on behalf of the defendant shall lie to a judgment based upon a plea of guilty * * *." Therefore he could not have appealed his conviction to the Colorado Supreme Court. Until the Hudspeth case was decided it appeared to commentators that:

> "Rule 37(d) is self explanatory. Relief in the instances here noted will not be by writ of error but must be sought otherwise, either under other Rules such as Rule 35, or under some other remedy within the inherent jurisdiction of the supreme court, or granted to the supreme court under the terms of our constitution." Symposium on the Colorado Rules of Criminal Procedure, 34 Rocky Mt.L.Rev. 1, 80 (1961).

But in the Hudspeth case, where review on writ of error was precluded by the guilty plea, the trial court ruled that relief under Rule 35(b) could not be granted either, and the Colorado Supreme Court agreed that the result was correct. Thus, it can be concluded that Rule 35(b), as it was construed by the Colorado Supreme Court, offered no adequate remedy for the denial of due process alleged to have been suffered in the instant case in consequence of a coerced plea of guilty.

In the instant case the petitioner, like Hudspeth, had entered a plea of guilty. Review by writ of error was not possible and, according to the rule of the Hudspeth case, relief pursuant to Rule 35(b) was apparently not available either. Even if relief pursuant to Rule 35(b) had been available however, it is questionable whether review by the Colorado Supreme Court, on writ of error, of the trial court's denial of relief under Rule 35(b) could go to the underlying merits of the petitioner's allegation that his plea was coerced. The writ of error is plainly not adequate if the wrong does not appear on the record so as to be reviewable on error. The fact that a guilty plea was coerced would not appear in the record where the trial court held no evidentiary hearing on the allegation of coerced plea and considered only the original record.

Regardless of the limitations of Rule 35(b) petitioner here did seek relief from

his allegedly unlawful conviction by applying for relief pursuant to the rule.

In February, 1963, petitioner applied to the District Court for the County of Pueblo under Rule 35(b), setting forth, among other allegations, the same denial of due process on which the petition for a writ of habeas corpus from this court is based. That application was summarily denied, without an evidentiary hearing, on February 8, 1963. From this denial of relief no appeal was taken to the Colorado Supreme Court. The Attorney General now maintains that petitioner did not exhaust his available state remedies in that he did not appeal from the denial of relief sought. In any event, that remedy is no longer available since the time for appeal has run. There was, however, confusion as to the right of appeal. Prior to January 1, 1963, it was not clear whether an order denying relief sought under Rule 35(b) was appealable. See Scott, 1963 Amendments to Colorado Rules of Criminal Procedure, 35 Colo.L. Rev. 303, 307–08 (1963). After January 1, 1963, there has been a clarification; denial of such relief can now be appealed pursuant to the 1963 Amendment to Rule 35(b) of the Colorado Rules of Criminal Procedure which was promulgated by the Colorado Supreme Court on December 20, 1962. The amendment read: "The order of the trial court granting or denying the motion is a final order reviewable on writ of error."

■ It seems at least questionable whether petitioner was apprised of the fact that he could have appealed from the February 8, 1963 denial of relief. He might reasonably have believed that the relief afforded under Rule 35(b) in Colorado was an inadequate remedy for the denial of due process which he allegedly suffered. Under this combination of circumstances it cannot be said that petitioner's failure to appeal from the February 8, 1963 denial of relief was a studied bypassing of orderly state procedures. Under Fay v. Noia a federal district court does have jurisdiction to issue a writ of habeas corpus under these circumstances, where the time for appeal from denial of relief has run—providing, of course, that no further state remedy was open to petitioner at the time he applied to this court for the writ.

The Attorney General argues that petitioner has indeed failed to exhaust his available state remedies inasmuch as he has failed to make a second application followed by appellate review. It does not appear, however, that repeated applications must be made. As the Supreme Court pointed out in its opinion in Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953):

"Outside the cases, it has been strongly urged that the purpose of subparagraph 2 [of § 2254] was to eliminate the right of a federal district court to entertain an application [for habeas corpus] so long as any state remedy remained available. In an article by Chief Judge Parker, Chairman of the Judicial Conference Committee which drafted the new Habeas Corpus Act, Limiting the Abuse of Habeas Corpus, 8 F.R. D. 171, 176 (1949), this construction of § 2254 is presented:

" 'The effect of this last provision is to eliminate, for all practical purposes, the right to apply to the lower federal courts for habeas corpus in all states in which successive applications may be made for habeas corpus to the state courts; for, in all such states, the applicant has the right, notwithstanding the denial of prior applications, to apply again to the state courts for habeas corpus and to have action upon such later application reviewed by the Supreme Court of the United States on application for certiorari.'

"We do not so construe § 2254. We do not believe Congress intended to require repetitious applications to state courts * * *." 344 U.S. 448, note 3, 73 S.Ct. 402–403, 97 L.Ed. 469.

Quite to the contrary, holds Brown v. Allen, the requisite exhaustion of state

remedies within the meaning of section 2254 has occurred when some one of a number of alternative state remedies has been exhausted.

The contention of the Attorney General, when put in its most tenable form, comes to this: Petitioner did not appeal from the trial court's denial of relief sought under Rule 35(b). The time for appeal from that denial of relief has now run. If the failure to appeal was deliberate—in the sense of constituting a studied bypassing of orderly state procedure—the petitioner should be deemed to have forfeited both his state appeal and his federal remedy. Even if the failure to appeal was not deliberate, the petitioner has a further state remedy, viz., a repeated application for relief under 35(b). A repeated application for state relief should be required—but even if a repeated application cannot be required in every case it should be required here, where petitioner failed to take an appeal from the first denial of relief, and the time for appeal has now run.

This argument overlooks the fact that petitioner's conduct in this case can not be characterized as studied bypassing of an orderly state procedure offering adequate relief. It overlooks the fact that mere availability of a possible remedy on reapplication cannot preclude issuance of a federal writ of habeas corpus. It is argued that the state remedy of repeated applications for relief under Rule 35(b) should be further exploited, but it is manifestly clear that the state remedy whose exhaustion is required by section 2254 must more clearly appear to be adequate to give redress for alleged violations of due process than is the remedy of repeated application for relief under Rule 35(b) in Colorado. In this regard it must be noted that no state remedy holds out even a reasonable guarantee that a factual hearing will be granted in view of petitioner's allegation. If petitioner's application were again to be denied by the trial court the question which would be presented to the Colorado Supreme Court on review would not be: Are petitioner's allegations of coerced plea and improper arraignment substantiated in fact? The question presented would be, rather: Was the trial court justified in denying, in its discretion, a repeated application for relief which had once been denied in view of the fact that the rule specifies that "[t]he court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner?" In any event, petitioner would then be required to return to the trial court in order to obtain a hearing. He might thereafter again be required to go to the Supreme Court by writ of error in order to obtain a review.

It is believed that the observation of the Supreme Court of the United States in Ex Parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 is relevant here:

> " * * * But where resort to state court remedies has failed to afford a full and fair adjudication of the federal contentions raised, either because the state affords no remedy, * * *, or because in the particular case the remedy afforded by state law proves in practice unavailable or seriously inadequate, * * *, a federal court should entertain his petition for habeas corpus, else he would be remediless." (Quoted without citations) 321 U.S. at 118, 64 S.Ct. at 450–451, 88 L.Ed. 572.

In the instant case, therefore, the court is of the opinion that to fail to accept this case would constitute a shirking of responsibility imposed by section 2254.

The matter will be set for hearing and the petitioner will be ordered to appear to testify.