**Harold MARTINEZ, Petitioner,**

v.

**Harry C. TINSLEY, Warden, Colorado State Penitentiary, Respondent.**

**Civ. A. No. 9053.**

United States District Court
D. Colorado.

May 17, 1965.

---

George M. McClure, Denver, Colo., for petitioner.

James W. Creamer, Jr., Asst. Atty. Gen., Denver, Colo., for respondent.

DOYLE, District Judge.

Harold Martinez, petitioner, presently confined in the Colorado State Penitentiary, seeks habeas corpus relief. From the petition and return, it appears that Martinez was sentenced by the District Court for El Paso County on July 13, 1962, to a term of from three to five years pursuant to his plea of guilty to issuing of a no-account check in Criminal Action 11304.

Petitioner's grounds for relief are, as stated in the petition:

"(a) Counsel [was] too casually appointed for defendant.

"(b) The Court lacked jurisdiction to sentence petitioner as was done in violation of his constitutional rights.

"(c) Petitioner has been declared to be Non Mentis Compis [stet.] by a Medical Commission on August 6, 1960, held at Brady's Hospital, Colorado Springs, Colorado."

With the exception of claim (a), substantially similar grounds were asserted in a habeas petition to the El Paso District Court in February of 1963. Habeas corpus was denied by that court and its denial affirmed by the Colorado Supreme Court, sitting en banc, on January 13, 1964, in a decision appearing at 388 P. 2d 248.

A show cause order has issued from this Court, and a hearing was held on April 23. The merits of the petition were not considered at the hearing however, as the respondent, Harry Tinsley, Warden of the Colorado State Penitentiary, raised an initial question of jurisdiction.

Respondent's claim is that petitioner has failed to exhaust his state remedies in accordance with Section 2254 of the federal Habeas Act, 28 U.S.C. § 2254, a prerequisite to jurisdiction in this Court. Although conceding that habeas corpus action has been prosecuted in the state courts, respondent contends that petitioner nevertheless has an opportunity to present his claims by way of a 35(b) motion (Rule 35(b)) of the Colorado Rules of Criminal Procedure and has therefore not exhausted his state remedies.

Counsel for the petitioner argued at the hearing and in the traverse, that numerous cases, among them Smith v. Tinsley, D.C., 223 F.Supp. 68 (1963), make such additional procedure unnecessary.

The issue thus presented is whether in this state maintenance of a 35(b) motion is here necessary notwithstanding prior prosecution of a habeas corpus action in order to comply with § 2254. We conclude that it is not.

In Smith v. Tinsley, supra, petitioner had unsuccessfully prosecuted a habeas action in the state courts, and had, also without success, maintained a 35(b) action in a state district court. However, the petitioner failed to appeal denial of the 35(b) motion within the prescribed time. Upon application to this Court for habeas corpus the question presented was whether reapplication to the lower court for 35(b) relief and appeal of that deci-

sion [1] was necessary in order to exhaust available remedies. We concluded that section 2254 as interpreted in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963); Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); and other cited cases, did not require further proceedings.

In Wade v. Mayo, 334 U.S. 672, 68 S. Ct. 1270, 92 L.Ed. 1647, a 1948 case which was apparently decided prior to enactment of the present section, the Court was confronted with the following facts: Petitioner Wade, following his conviction at a trial in which the Court had refused to appoint counsel to represent him, brought habeas corpus in the state court and unsuccessfully appealed its denial to the Florida Supreme Court. Wade, however, did not avail himself of the right to appeal the conviction; instead, seeking habeas corpus in the United States District Court for the Southern District of Florida. The district court granted the writ rendering void the judgment and commitment under which Wade was held. The Circuit Court of Appeals for the Fifth Circuit reversed. The Supreme Court, Mr. Justice Murphy, in upholding the judgment of the district court, stated, 68 S.Ct. at 1273:

"In our view, it was proper for the District Court to entertain Wade's petition for a writ of habeas corpus and to proceed to a determination of the merits of Wade's constitutional claim. *The crucial point is that Wade has exhausted one of the two alternative routes open in the Florida courts for securing an answer to his constitutional objection.* It now appears that a defendant who is denied counsel in a non-capital case in Florida may attack the constitutionality of such treatment either by the direct method of an appeal from the conviction or by the collateral method of habeas corpus. Since Wade chose the latter alternative and pursued it through to the Su-

preme Court of Florida, he has done all that could be done to secure a determination of his claim by the Florida courts. The fact that he might have appealed his conviction and made the same claim and received the same answer does not detract from the completeness with which Florida has disposed of his claim on habeas corpus. The exhaustion of but one of several available *alternatives* is all that is necessary." (Emphasis supplied.)

That case was subsequently followed in the Third Circuit case of United States ex rel. Master v. Baldi, 198 F.2d 113, 116, which is cited favorably in Brown v. Allen, supra, 344 U.S. at p. 448, 73 S. Ct. at p. 403. The Supreme Court in Fay v. Noia, supra, was especially careful to preserve the validity of that holding. After stating that section 2254 is limited in application to failure to exhaust state remedies still open to the habeas applicant at the time he files his application in the federal court, the Court indicated, 83 S.Ct. at p. 847, n. 43:

"By thus stating the rule, we do not mean to disturb the settled principles governing its application in cases of *presently* available state remedies. See, e. g., Brown v. Allen, 344 U.S. 443, 447–450, 73 S.Ct. 397, 402–403, 97 L.Ed. 469."

■ There can thus be little doubt but that the holding of Wade v. Mayo, supra, and Master v. Baldi, supra, is valid today, and that section 2254 requires only that one of several available alternative remedies be exhausted. We need thus decide only whether a 35 (b) action would be an *alternative* remedy under the present facts.

■ In Colorado, review under habeas corpus is strictly limited. See: Spect v. Tinsley, Colo., 385 P.2d 423; Smith v. Tinsley, supra, 223 F.Supp. at p. 70; Stilley v. Tinsley, Colo., 385 P.2d 677; Schooley v. Wilson, 150 Colo. 483, 374 P.2d 353. One of the grounds is lack of

---

1. Our reasons for concluding that the motion would be denied by the lower court, on reapplication, are set out at page 73 of the decision.

jurisdiction whereby the judgment is void. Stilley v. Tinsley, supra.

For reasons stated out at length in Hampton v. Tinsley, D.C.Colo., 1965, 240 F.Supp. 213, a plea of guilty cannot be accepted where the evidence before the judge suggests that the accused may be legally insane, until his sanity is finally determined. If the plea is accepted prior to such a determination the judgment is potentially void (depending on whether the accused had the capacity to enter a plea). This is also the purport of Rule 11(a) (1) of the Colorado Rules of Criminal Procedure which was in effect at the time of petitioner's arraignment.

If the petitioner's claim is correct his proper state remedy to set aside the alleged void judgment would be a habeas corpus proceeding. It is doubtful whether a Rule 35(b) proceeding would also be a proper procedure in view of Hudspeth v. People, 151 Colo. 5, 375 P.2d 518 (1962), which agreed with the holding of the lower court that relief under Rule 35(b) could not be granted upon entry of a plea of guilty. (A more extended analysis of Hudspeth appears in Smith v. Tinsley, supra, 223 F.Supp. at p. 71). And, at most, a Rule 35(b) proceeding would under the present facts be only an alternative remedy.

Our conclusion, therefore, is that Martinez has exhausted his state remedies and that to deny this petition and thus send it back to the state courts for a substantially identical proceeding on identical claims and identical facts would be futile.

Respondent also claims that petitioner's first ground for seeking relief, namely, that counsel was too casually appointed in that he allowed a change of plea from not guilty and not guilty by reason of insanity to guilty "knowing that the petitioner was mentally incompetent," has not been heard by the state courts and that there is thus lack of jurisdiction in this court. That claim is without merit.

The facts were before the state court in the original petition, and indeed, the opinion of the Supreme Court reflects that the issue of change of plea was considered. Having rendered a decision on the merits, the court must have considered the facts giving rise to that claim. Daugharty v. Gladden, 257 F.2d 750, 758–759 (9 Cir., 1958); cf. Johnnene v. Graham, 138 F.Supp. 542 (D.C. Utah, 1956). The present petition is substantially different from that in Sides v. Tinsley, 333 F.2d 1002 (10 Cir., 1964). There it was clear that the question before the court had never been before the state courts in any manner, and the facts giving rise to the claim had similarly never been considered by the state courts. It is

Ordered that respondent's motion to dismiss for lack of jurisdiction be, and the same is hereby, denied. A hearing on the merits of this petition will be held.