No. 21738.

HOWARD JOHNSON *v.* HARRY C. TINSLEY, WARDEN OF THE COLORADO STATE PENITENTIARY.

(404 P.2d 159)

Decided July 12, 1965. Rehearing denied August 3, 1965.

Petitioner, pro se.

DONALD N. PACHECO, for respondent.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

THIS is an original proceeding initiated by Johnson. In his petition here, Johnson alleges that he filed a petition for a writ of habeas corpus in the trial court (which petition does not appear of record as an exhibit) and that it was denied "* * * without a hearing or ruling on the questions raised by this petitioner, and without a hearing and determination of said issues * * *." He further alleges that he is being confined in the state penitentiary in violation of his constitutional and statutory rights and that he is entitled to an immediate discharge.

Our study of Johnson's petition convinced us that a

basic question was raised compelling resolution — a question which required the issuance of a rule directing the trial court to show cause why the mittimus issued in connection with Johnson's conviction of a crime should not be corrected.

The central allegation in Johnson's petition is that he was sentenced to a term of not less than four nor more than eight years but that the mittimus issued was not in conformity with the sentence, being for a term of not less than five nor more than ten years. We granted Johnson leave to proceed *in forma pauperis* in this Court and issued a rule commanding the trial court to show cause why the mittimus issued in connection with Johnson's case should not be corrected.

In its return, the trial court states, in part, that its records indicate that the sentence imposed was in fact for a term of not less than five nor more than ten years and that the mittimus, therefore, corresponded exactly with the sentence.

From the portions of the record submitted as exhibits in this cause it appears that Johnson was furnished a transcript at state expense in order to prosecute writ of error from the judgment of conviction entered against him, and that in the transcript the sentence pronounced by the court was for a term of not less than four nor more than eight years.

On August 2, 1960, Johnson wrote a letter to the clerk of the trial court informing him that the transcript and the mittimus contained dissimilar sentences and requesting him to bring the matter to the attention of the trial court so that a new mittimus with the correct sentence could be issued. The clerk immediately replied to Johnson's letter, explaining that the transcript contained typographical errors, and instructing Johnson to return the transcript in order that it might be corrected and then restored to him.

The next protest made by Johnson on this point was some four years later when, on August 5, 1964, he filed

a "petition for correction of mittimus" with the trial court. This petition was filed some four months after Johnson was returned to the penitentiary as a parole violater. The trial court denied the petition, finding that its records indicated that the sentence of the court was for a term of not less than five nor more than ten years. The instant proceeding was thereafter instituted.

While Johnson challenges the verity of the record upon which the court relied, it appears that he at one time entertained the same view of its contents. In his "Petition and Motion for Order Requiring County to Furnish Trial Transcript and to Certify Record for the Issuance of: Writ of Error," filed in the trial court on October 26, 1959, Johnson, under oath, stated the following to be "true of his own knowledge and belief":

"2. That he was on June 5, 1959, found guilty of the crime of Simple Robbery and *sentenced to five to ten years* in the Colorado State Penitentiary." (Emphasis supplied.)

Under the circumstances present in this case, we think further discussion of this issue would be redundant, to say the least.

 Johnson argues that even if his sentence was for a term of not less than five nor more than ten years, he is being held "over and above the maximum term of his sentence." This is, in effect, an attack levelled at the discretionary power of the parole board to release prisoners prior to the expiration of their terms. Parole is definitely a matter of grace, favor, or privilege, and not a matter of right. *Berry v. Board of Parole,* 148 Colo. 547, 367 P.2d 338; *Trueblood v. Tinsley,* 148 Colo. 503, 366 P.2d 655. Such an issue obviously cannot be raised by a petition for a writ of habeas corpus.

 Johnson also complains that before the parole board acted to revoke his parole, he was held by the authorities beyond the time permitted by C.R.S. 1963, 39-17-4. Assuming, *arguendo,* that Johnson was held

for the period claimed by him in his petition, this is not a cause for his release from the penitentiary. This is not the situation presented to this Court in *Schooley v. Wilson*, 150 Colo. 483, 374 P.2d 353, cited by Johnson, wherein we held that habeas corpus would lie where a parolee was being detained by the authorities for a time longer than that permitted by statute prior to the parole board's alternative action of either releasing him or revoking his parole. Here the parole board has acted and Johnson's incarceration prior thereto is of no moment in this proceeding.

Johnson invokes C.R.S. 1963, 105-4-19 and 105-4-20, as the bases for his concluding contention. C.R.S. 1963, 105-4-19, commences with these words:

"Ten days prior to the date on which any convict now confined * * * shall be entitled to be discharged or to be paroled from said penitentiary, the warden thereof * * * shall give such convict a ticket of leave therefrom, which shall entitle him to depart from said prison."

This section then contains a number of conditions which must be obeyed by the holder of the ticket of leave.

As an alleged parolee, Johnson cites C.R.S. 1963, 105-4-20, as requiring his release; he states that he left the county in which the penitentiary is located in accordance with the dictate of the statute. This section provides:

"If a convict furnished with a ticket of leave and other things mentioned in section 105-4-19, within twenty-four hours thereafter, unless prevented by sickness or other unavoidable necessity not caused by his default or neglect, shall leave the county in which said penitentiary is located, and shall not return to said county within ten days after receiving such ticket, he shall be held and deemed to be fully discharged from said penitentiary and the sentence upon which he was confined therein. Nothing contained in this section shall require

any person tried in the county in which said penitentiary is located to leave the same."

These sections which deal with the penitentiary must be construed in connection with C.R.S. 1963, 39-17-1 et seq. and 39-18-1 et seq., providing for parole. *In the Matter of Wier*, 102 Colo. 321, 78 P.2d 1094.

■ To hold as Johnson would have us do would vitiate the statutes dealing with parole. We determine that parole does not operate as the discharge of a convict. It is our view that C.R.S. 1963, 39-18-6 controls. It deals with parole specifically, and reads as follows:

"Parole not to be construed as discharge. — This article shall not be construed in any sense to operate as a discharge of any convict paroled under its provisions but simply a permit to any such convict to go without the enclosure of the penitentiary, and if, while so at large, he shall so behave and conduct himself as not to incur his reincarceration, then he shall be deemed to be still serving out the sentence imposed upon him by the court and shall be entitled to good time the same as if he had not been paroled. But if the said paroled prisoner shall be returned to the penitentiary, he shall serve out his original sentence as provided for in section 39-18-5."

The rule is discharged.

Mr. Justice McWilliams not participating.