No. 22085.

THE PEOPLE OF THE STATE OF COLORADO, EX REL.
PATTERSON *v.* DISTRICT COURT OF THE CITY
AND COUNTY OF DENVER, ET AL.
(410 P.2d 630)

Decided January 31, 1966.     Rehearing denied February 21, 1966.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, Assistant, for relator.

Leo T. Zuckerman, for respondents.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

This is an original proceeding instituted by one Patterson, the warden of the state penitentiary, whereby he as the relator sought the issuance of a rule directing the respondents to show cause, if such they had, why a certain order entered by the respondent judge releasing one Alexander Griffin from the state penitentiary should not be vacated and held for naught. We ordered that such rule issue and, the respondents having now filed their response thereto, the matter awaits our determination.

The present controversy emerges out of the following series of events:

1. on December 5, 1962 Alexander Griffin was sentenced by the district court of the City and County of Denver to a term of from three to seven years in the state penitentiary;

2. on September 11, 1964 Griffin was paroled from the state penitentiary to serve a parole period of some twenty-nine months;

3. on February 8, 1965 Griffin was arrested and thereafter confined in the Denver county jail pursuant to a capias which had issued as the result of the filing of an information charging him with burglary, larceny, and receiving stolen goods;

4. on April 19, 1965 the parole authorities petitioned the respondent court to issue an alias capias directing

the return of Griffin to the state penitentiary for the purpose of permitting the parole board to consider, based on Griffin's various actions which preceded his arrest on February 8, 1965, the revocation of Griffin's parole, this petition being subsequently denied by the respondent judge;

5. on October 15, 1965 Griffin made bond in connection with the charges contained in the information filed against him on or about February 8, 1965, and upon his release from jail he was immediately taken into custody by the parole authorities and promptly returned to the state penitentiary; and

6. on October 26, 1965 Griffin's parole was formally revoked by the parole board.

It was on this concatenation of events that Griffin on November 9, 1965 brought a habeas corpus proceeding against Patterson in the district court in and for the City and County of Denver, contending that he (Griffin) was being unlawfully imprisoned in the state penitentiary by virtue of the fact that his parole had been unlawfully revoked. Upon hearing which was held on November 12, 1965 the respondent judge ordered the writ of habeas corpus made permanent and at the same time entered the further order that Griffin be forthwith discharged from the state penitentiary. It was at this point that the relator instituted the present original proceeding in this court.

■ Relator contends that the order of the responding judge was under the circumstances void, inasmuch as the relief granted was in excess of the court's jurisdiction and he argues that in practical effect this order completely nullifies the earlier sentence of from three to seven years in the state penitentiary which had been entered on December 5, 1962. With this general contention we are in accord.

Apparently the action taken by the respondent judge was based on the premise — which is erroneous — that because the parole authorities failed to revoke Griffin's

parole within 15 days after February 8, 1965, which was the date when Griffin was jailed on the new charge of burglary, larceny and receiving stolen goods, the parole authority thereafter lost all power and authority to ever revoke Griffin's parole for any misconduct occurring prior to February 5, 1965. In this regard the respondent judge misconceives the nature and meaning of C.R.S. 1963, 39-17-4.

In considering the precise problem before us, it should be kept in mind from the outset that parole is not a matter of right, but is one of grace, favor or privilege. In *Schooley v. Wilson*, 150 Colo. 483, 374 P.2d 353 we held that the proviso now appearing in C.R.S. 1963, 39-17-4 that "no parolee shall be kept in jail by the state department of parole for a period of more than fifteen days" means that a suspected parole violator who is held in jail for *more* than fifteen days while his activities are being investigated is entitled to relief by way of habeas corpus, the relief being discharge — not from the penitentiary — but from the county jail.

However, in *Johnson v. Tinsley*, 157 Colo. 539, 404 P.2d 159, we held that even though a suspected parole violator may have in fact been held for more than the fifteen day limitation provided for in C.R.S. 1963, 39-17-4, nevertheless once his parole was thereafter revoked and he was once again incarcerated in the state penitentiary, this fact was no cause for his release from the state penitentiary.

Actually, Griffin's confinement in the Denver County Jail from February 8, 1965 to October 15, 1965 was occasioned by the fact that he had been informed against in a new criminal information, and hence for this period of time he was not being "kept in jail by the state department of parole." But even if this confinement were the result of action by the parole authorities, under *Johnson v. Tinsley, supra,* such fact would not entitle Griffin to his release from the state penitentiary

where, as here, his parole has now been revoked and he has been returned to the state penitentiary.

■ It is additionally argued that inasmuch as the respondent judge on or about April 19, 1965 denied a request by the parole authorities for an alias capias for the purpose of returning Griffin to the state penitentiary to permit the parole authorities opportunity to consider the revocation of Griffin's parole, such fact somehow changes the picture and dictates a different result. We find no merit in this line of reasoning. Thus, when the underbrush is cut away, this is but an instance where the parole board has determined that one on parole has violated the terms and conditions of his parole, and by appropriate order has returned him to the institution from which he had been previously paroled. All of which is in accord with applicable statutes and entirely consonant with the traditional concept as to the status of one on parole. *Berry v. State Board of Parole*, 148 Colo. 547, 367 P.2d 338.

The action of the respondent court in discharging Griffin from the state penitentiary was void as being in excess of its jurisdiction. Accordingly, the rule is made absolute and the respondent judge is directed to vacate his order discharging Griffin from the state penitentiary and the respondent judge is ordered to thereafter remand Griffin into the custody of the relator.