No. 20,312.

ORAN FINLEY HUDSPETH *v.*
THE PEOPLE OF THE STATE OF COLORADO.
(375 P. [2d] 518)

Decided October 29, 1962.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. GEORGE W. NICASTRO, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

Plaintiff in error, to whom we will refer as the de-

fendant, was accused of having committed the crime of burglary. The information was filed July 12, 1961, and on the same day defendant and another, named as co-defendant, were arraigned. Defendant entered a plea of guilty to the charge, and, after being warned by the court concerning the consequences of a plea of guilty, persisted therein.

July 13, 1961, evidence was taken in mitigation or aggravation of the offense. The evidence established that the store of Mr. Crawley was broken into at about five o'clock A.M. on June 13, 1961; that in effecting the entry a glass window 4½ by 7 feet was broken by a bar used by defendant; that guns of a total value of $455.00 were taken; that the guns were recovered—one from the home of defendant's sister, two from the home of the father of the codefendant, and the rest were retrieved from a hiding place where they had been placed by the defendant and his co-defendant.

The co-defendant first implicated defendant in the crime, and when confronted with this statement defendant admitted his part in the commission of the offense. It appears that both of the persons accused were co-operative with the police and freely admitted participation in the burglary. Following presentation of the evidence the court inquired if either defendant had anything to say why judgment and sentence should not be pronounced. The co-defendant was represented by counsel and a conference was held between defendant, his co-defendant and counsel for the latter, after which the inquiry of the court was answered in the negative.

The matter was continued for imposition of sentence and on the date the case was called for that purpose counsel appeared for the defendant and asked leave to file a "Motion for a Change of Plea." The imposition of sentence was thereupon postponed. The motion was filed and set for hearing at a later date. The only ground upon which defendant's motion to change his plea is based, is as follows:

"As grounds for the above Motion the Court is hereby informed that certain evidence has recently come to light, and is newly discovered, which will tend to prove that said defendant did not commit the crimes with which he is now charged before this Court. This request for a change of plea is directed to both counts of the Information presently charging said defendant."

The above-quoted language falls far short of the detailed statement required before a motion for relief based on "newly discovered evidence" is entitled to any consideration by the court. *Gasper v. People,* 83 Colo. 341, 265 Pac. 97; *Miles v. People,* 131 Colo. 400, 282 P. (2d) 1096.

August 7, 1961, a hearing was held on defendant's motion, and even though on its face it was palpably insufficient, the trial court listened to all the evidence offered. There was nothing presented which would justify permitting withdrawal of the plea. The motion was denied and defendant was sentenced to seven to ten years in the state penitentiary. A mittimus issued and defendant was taken to the prison.

November 9th defendant filed a "Motion to Vacate and to Set Aside a Judgment and for an Injunction to Enjoin the Enforcement of Same" in which it was asserted that his confession of guilt and his plea of guilty were obtained by the use of threats that his sister would be arrested and prosecuted if he did not admit participation in the crime. This motion, assertedly, was filed under Rule 35(b) Colorado Rules of Criminal Procedure, entitled "Post Conviction Remedy for Prisoner in Custody." The court denied this motion and in so doing correctly stated that:

"The Court has given consideration to the last mentioned Motion in the light of Rule 35(b) Colorado Rules of Criminal Procedure, and upon examination of such Motion, being of the opinion that the allegations thereof, to-wit: a conviction allegedly based upon an involuntary confession, and a refusal to allow a change of plea, are

not the type which warrant the granting of the relief herein requested because such allegations and prayer for relief properly should be reviewed on writ of error."

Whether a motion to withdraw a plea of guilty should be granted or denied is a matter which lies within the sound discretion of the trial court. An appellate court will not disturb the exercise of that discretion unless it appears that there has been an abuse thereof. *Abshier v. People,* 87 Colo. 507, 289 Pac. 1081; *Gearhart v. People,* 113 Colo. 9, 154 P. (2d) 47. There is nothing in the record before us to indicate an abuse of discretion on the part of the trial court.

The judgment is affirmed.