Mr. Justice Moore
delivered the opinion of the Court.
*128 We will refer to the plaintiff in error as the defendant. He was one of three persons accused of the crime of burglary (among other offenses not involved here) in an information filed in the district court of the City and County of Denver.
October 25, 1961, the verdicts of the jury were returned following trial of the issues raised by the information and the not guilty plea of defendant. Defendant was found guilty of the crime of burglary. When the verdict was received, he being present, the following took place:
“MR. DEIKMAN: Your Honor, on behalf of the defendant Joe Dean Quintana, I’d like to ask for immediate sentencing.
“THE COURT: I think under the law we have to have a presentence report.
“MR. DEIKMAN: Well, the District Attorney says he has with him the defendant’s record, and you have heard the evidence. The presentence investigation report would only be necessary if you had not heard the evidence.
“THE COURT: No. I think there are two different statutes: One requires either the taking of evidence or the probation report or presentence report, and I think the other one says . . . Well, maybe you are right.
“MR. SMEDLEY: I’m not sure; I think there is some question as to whether or not . . .
“THE COURT: However, when was he last sentenced?
“MR. DEIKMAN: Well, he is presently serving a term from two to five years.
“THE COURT: When were you last sentenced, Mr. Quintana?
“MR. QUINTANA: A month and a half ago.
“THE COURT: Oh, we can get one in a few days. Was that the Denver District Court?
“MR. QUINTANA: Yes.
“THE COURT: Suppose we continue it to Monday for sentencing.”
*129 November 6, 1961, judgment was entered on the verdict and defendant was sentenced to a term of not less than seven (7) years and not more than ten (10) years in the state penitentiary. It was further adjudged that said sentence, “ * * * shall commence when the previous sentence imposed upon the said Defendant, JOE DEAN QUINTANA, in cause numbered 47109, Division Nine, of this Court, expires.”
December 7, 1961, the above judgment was vacated nunc pro tunc and defendant was thereupon sentenced to a term of not less than seven nor more than ten years, to run concurrently with the balance of the sentence previously imposed upon him in the former case. To this judgment and sentence writ of error No. 20,452 was issued out of this court on August 31, 1962.
The record discloses that defendant failed to file a motion for new trial and that he in person, and through his attorney, waived the filing of such motion and requested immediate imposition of sentence by the trial court. The Attorney General has filed a motion to dismiss this writ of error.
At this point we direct our attention to a second writ of error, No. 20,393, which defendant caused to be issued relating to the proceedings resulting in his conviction and sentence and entitled, “JOE DEAN QUINTANA vs. THE PEOPLE.” In both matters in this court defendant appears pro se. On April 10, 1962, defendant filed in the trial court a “Motion to Vacate Waiver of New Trial Motion.” The trial court denied this motion. Defendant, apparently ignorant of the fact that the order denying his motion to vacate the waiver of motion for new trial is not a “final judgment” to which a writ of error will lie, has nevertheless obtained a writ of error thereto and contends that this court should now direct the trial court to permit the filing of a motion for new trial, notwithstanding the waiver thereof by defendant of his right to do so.
By waiving his right to file a motion for new *130 trial and requesting immediate imposition of sentence, defendant acquiesced in the result of the trial as conducted and accepted the ruling of the trial court. No sufficient reason has been presented which would warrant this court interfering with the judgment of the trial court.
This court has said on many occasions that only such matters as are contained in the Motion for a New Trial will be considered on writ of error. Dyer v. People, 148 Colo. 22, 364 P. (2d) 1062; Wilson v. People, 143 Colo. 544, 354 P. (2d) 588; Rueda v. People, 141 Colo. 502, 348 P. (2d) 957; Peterson v. People, 133 Colo. 516, 297 P. (2d) 529; Cook v. People, 129 Colo. 14, 266 P. (2d) 776.
In No. 20,452 the Attorney General’s Motion to Dismiss is sustained and the writ of error is dismissed.
In No. 20,393 the writ of error is dismissed.