No. 21127.

HOMER BROWN AND OSWALD GLYMPH *v.* THE PEOPLE
OF THE STATE OF COLORADO.
(408 P.2d 981)

Decided December 13, 1965.    Rehearing denied January 10, 1966.

Roger Cisneros, Richard M. Huckeby, for plaintiffs in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, for defendant in error.

*En Banc.*

Mr. Justice Schauer delivered the opinion of the Court.

An information was filed against plaintiffs in error, hereinafter referred to as defendants, charging them and other persons in separate counts with the crimes of (1) possession of narcotics, and (2) conspiracy to possess narcotics. This case involves only the two defendants named in the caption. No evidence was presented by either defendant during the trial of the case. Brown was convicted on both counts and his codefendant, Glymph, was convicted on the first count only. Each was sentenced to a term in the state penitentiary. It should be noted that counsel appearing here on writ of error did not represent the defendants in the trial court.

In their briefs plaintiffs in error present several arguments on questions not raised in their motion for a new trial. The one issue raised in their brief which goes to the crux of the case is the question of the sufficiency of the affidavit which was the basis for issuance of the search warrant. They argue that under the law, as announced in *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996, the evidence presented during the trial was not admissible because of the invalidity of the affidavit used to obtain the search warrant. They are, however, confronted with difficulty in this court due to their failure to raise the issue in the trial court. In fact, they did not even raise the issue in the motion for a new trial. They specifically limited the point in the motion for a new trial by stating that the "search warrant was

invalid *on its face* \* \* \*." (Emphasis supplied.) By use of specific language, directed to the search warrant only, they avoided the issue of the sufficiency of the affidavit.

The evidence was obtained by police officers in a search of the premises occupied by the defendants and others not here involved, after presenting a copy of the search warrant to one of the occupants.

The search warrant was issued by a justice of the peace. The only issue raised regarding the search warrant was the failure to insert the names in the blank spaces provided for the purpose of indicating to whom the return was to be made and to whom a written inventory of the seized property was to be made.

▮ The deficiency here involved has been held to be of a ministerial nature and not such as to render a warrant invalid. *Evans v. U. S.,* 242 F.2d 534; *Rettich, et al. v. U. S.,* 84 F.2d 118; *Benton v. U. S.,* 70 F.2d 24; *Rose v. U. S.,* 274 Fed. 245. The holding in the *Evans* case, *supra,* is based on Fed. R. Crim. P. 41(f), which also uses the word "shall," as appears in our rule, Colo. R. Crim. P. 41(f), with regard to the attachment of a copy of the return and inventory and all other papers in connection therewith.

▮ An examination of the record, including the testimony and the determinations made by the trial court, supports the conclusion that the return was made to the court which issued the warrant. Such being the state of the record and the obvious intent of the issuing magistrate, there can be no finding of prejudice to the defendants in regard to the alleged deficiency of the warrant.

The crucial issue, as indicated above, demands special treatment in this case because it is not a matter of oversight or neglect on the part of the trial court. The matter of the search warrant and the supporting affidavit received extraordinary treatment, both in open court and in chambers. The affidavit was obtained from the office of the magistrate court during the trial of this case after its absence from the record became of great

moment. It was in this setting that the defendants persisted in asserting the issue of the insufficiency of the warrant "on its face" and, even though the affidavit was present, presented no objection to the affidavit itself.

■■ Matters which counsel intend to raise on writ of error must be the subject of "contemporaneous objection," when applicable, and must be preserved in the motion for a new trial, as prescribed by Rule 33, R. Crim. P., Colo., which reads in part as follows:

"* * * The motion for a new trial * * * *shall point out with particularity the defects and errors complained of.* * * *." (Emphasis supplied.)

Moreover, to review issues in this court which were not before the trial court, under the circumstances revealed in the record, would constitute overruling a series of Colorado decisions, starting with the case of *Henry v. People,* 72 Colo. 5, 209 Pac. 511, decided in 1922. To such course of action we do not subscribe.

Other cases sustaining the oft-repeated rule that our function on review is limited to questions presented by motion for new trial are: *Quintana v. People,* 152 Colo. 127, 380 P.2d 667; *Wilson v. People,* 143 Colo. 544, 354 P.2d 588; *Cook v. People,* 129 Colo. 14, 266 P.2d 776; *Perry v. People,* 116 Colo. 440, 181 P.2d 439; *Dickson v. People,* 82 Colo. 233, 259 Pac. 1038.

The rule of law as enunciated in the cases cited herein is acutely attuned to what we have referred to as the crucial issue in this case. We have here, once again, the setting to which we must apply the principle of "contemporaneous objection" which has now been adhered to by this court with judicious consistency.

All other points raised by the defendants in their brief may be summarized generally as asserting error by the improper admission of evidence in the form of exhibits; by the admission of alleged hearsay statements of a certain witness; by the excessive imprisonment of defendants, and by the excessive bail requirements and general deprivation of their constitutional rights. Most

of these assertions were not raised with particularity in the motion for a new trial and are without merit insofar as prejudice to the defendants is concerned.

We repeat and emphasize, the established rule that only matters stated as error in the motion for a new trial will be considered on review.

The judgment is affirmed.