## No. 22657.

### JIM FREDERICK BAKER v. THE PEOPLE OF THE STATE OF COLORADO.

(449 P.2d 815)

Decided January 27, 1969.     Rehearing denied February 17, 1969.

B<small>ERNARD</small> H. T<small>HORN</small>, for plaintiff in error.

D<small>UKE</small> W. D<small>UNBAR</small>, Attorney General, J<small>OHN</small> P. M<small>OORE</small>, Deputy, J<small>AMES</small> F. P<small>AMP</small>, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MCWILLIAMS delivered the opinion of the Court.

JIM FREDERICK BAKER was found guilty by a jury of aggravated robbery and conspiracy and as a result thereof was sentenced to a term in the State Penitentiary. By writ of error Baker now seeks reversal of the judgment and sentence thus entered.

The criminal charges filed against Baker stemmed from the holdup of a Denver supermarket. The incriminating evidence against Baker consisted chiefly of the identification of him by several eyewitnesses to the crime as being one of the robbers, coupled with certain statements made by Baker after his arrest to Detective Goebel of the Denver Police Department. The only error asserted in this court relates to the two statements made by Baker to the police. Hence we shall now examine in a bit of detail the various facts and circumstances surrounding the taking of each of these two statements.

Baker was not arrested until about thirty days subsequent to the date of the robbery, and a day or two after his arrest he was first questioned by Goebel. On that particular occasion a hearings reporter was present who recorded verbatim the questions propounded by Goebel and the answers given in response thereto by Baker. In this statement Baker denied being in anywise involved in the robbery then under investigation and stated that he was in the state of Washington at the time of the robbery. Though this particular statement was exculpatory in nature, it is true that some of his answers could possibly be deemed as constituting an admission against interest. As indicated, however, the statement itself constituted a denial of guilt.

About four days thereafter, Goebel again questioned Baker and on this occasion, according to Goebel, Baker orally "confessed" that he was "involved" in the supermarket robbery and related rather sketchily the part that he (Baker) played in the robbery. No hearings

reporter was present on this occasion, and in this connection Goebel testified that it was Baker's desire that his statements not be taken down by a reporter.

Upon trial the district attorney through the testimony of Goebel introduced into evidence both of Baker's statements. Before doing so, in an *in camera* proceeding, the district attorney put on his evidence concerning the voluntariness of the two statements, the gist of which was that each was voluntarily made. Baker put on *no* evidence which would in anywise indicate that either statement was involuntarily made by him.

As concerns the so-called written statement, Baker's counsel specifically stated that he had "no objection" to the introduction of that document. And we can well understand why counsel did not object to this particular statement since it was exculpatory in nature. In view of the fact that Baker did not testify in his own behalf, it was of course rather important that he get at least some favorable evidence before the jury, and this he did through his first statement to the police wherein he denied involvement in the robbery.

Similarly, as concerns the so-called oral confession, counsel for Baker again indicated that he was *not* objecting thereto on the ground that it had been involuntarily given. And from the record before us it would appear that quite possibly counsel did not object to this so-called oral confession for the very good reason that it was in fact *voluntarily* given by Baker. At least this we do know — Baker did not offer any evidence which would indicate that he was objecting to the introduction into evidence of the statements made by him to the police on the grounds that they were not voluntary. As indicated, Baker not only did not testify in his defense, but he did not even testify in the *in camera* proceeding conducted by the court in connection with the statements allegedly given to the police.

In short, then, in the trial court Baker affirmatively indicated that he had "no objection" to the introduction

of either of the two statements made by him to the police and offered no evidence that either had been involuntarily given. In this court, however, Baker, now represented by different court appointed counsel, takes a different approach and argues that his conviction should now be reversed because: (1) the written statement to which he made no objection is said to have been taken in violation of his constitutional rights as spelled out in *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977; and (2) the oral confession to which he made no objection was not admitted in the manner prescribed by *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908. With this line of argument we do not agree.

■ At the outset it should be noted that the several matters which counsel now seeks to raise in this court were never raised in the trial court. In this regard the general rule is that we will only review those matters which are preserved for review by proper procedure in the trial court. *Cintron v. People*, 160 Colo. 277, 417 P.2d 4 and *Brown v. Glymph*, 158 Colo. 561, 408 P.2d 981. Such being the case, we could well affirm the judgment on this basis alone. However, Baker alleges the violation of certain of his basic constitutional rights, and hence we have elected to take a closer look at the matter.

■ *Escobedo v. Illinois, supra,* has no application to the instant controversy for several reasons. First *Escobedo* was decided by the United States Supreme Court on June 22, 1964 and the instant case was tried on April 28 to 30, 1964. In *Johnson v. New Jersey*, 384 U.S. 719, 86 S. Ct. 1772, 16 L. Ed. 2d 882 it was specifically stated that "*Escobedo* affects only those cases in which the trial began after June 22, 1964, the date of that decision." Hence, *Escobedo*, not being retrospective in application, does not apply to the instant controversy. Therefore, in determining the voluntariness of either of Baker's two statements to the police, we are only concerned with the

pre-*Escobedo* requirements relating to the admissibility of a confession.

Furthermore, lest it be inferred that the instant conviction would have to be reversed but for the fact that Baker was tried before the announcement of *Escobedo*, it should be observed that the facts and circumstances leading up to the taking of the first statement from Baker are far different from those in *Escobedo*. And the same observation could also be made as to the facts and circumstances surrounding the taking of the second statement from Baker. Suffice it to say, then, that for any one of several reasons Escobedo does not control the disposition of this matter.

■ The argument that *Jackson v. Denno, supra,* dictates a reversal of the case is also deemed to be without merit. It is true that in connection with the introduction into evidence of Baker's so-called oral confession, as well as in connection with the reception into evidence of Baker's written statement, the procedure outlined in *Jackson v. Denno, supra,* was not followed by the trial court. However, inasmuch as the voluntariness of these statements was not raised, any error in this regard is only technical in nature and not prejudicial.

We recognize that in *Jackson v. Denno, supra,* counsel for Jackson upon trial of the matter did not "initially" object to the admission of the confession, though as noted by the United States Supreme Court, the issue as to the voluntariness of the statements made by Jackson to the police and the district attorney was thereafter raised by counsel in his cross-examination concerning the circumstances under which Jackson was interrogated. Additionally, in the *Jackson* case, Jackson himself took the stand and testified as to the circumstances under which he was questioned by the authorities, which circumstances, as testified to by Jackson, looked toward involuntariness. Suffice it to say, then, that although no objection was made in the *Jackson* case in the first instance to the admission into evidence of the two "con-

fessions," still the issue as to the involuntariness was raised by counsel's cross-examination of the state's witness, as well as by Jackson's own testimony on this particular point, and the issue of voluntariness was thereafter submitted to the jury under appropriate instruction. Such is a decidedly different factual situation from that presented by the instant case, where the issue as to the voluntariness of Baker's statements was never raised in the trial court, and is raised for the first time in this court.

■ It should also be noted that this is not a situation where counsel for Baker simply failed to object to the reception into evidence of Baker's two statements. To the contrary, counsel *affirmatively* indicated that he had "no objection" to the introduction into evidence of these statements. Furthermore, Baker introduced *no* evidence, either in the *in camera* proceedings before the judge or in the subsequent proceedings before the jury, which in anywise placed in issue the voluntariness of his statements. We are disinclined to reverse this case and remand it with direction that the trial court make an affirmative finding that Baker's statements were voluntarily given, when the issue of voluntariness was never raised in the trial court in any way, shape or form. And we do not believe that *Jackson v. Denno, supra,* requires such disposition of this matter.

■■ Somewhat as a corollary of the *Jackson v. Denno* argument, it is also argued that the judgment and conviction must be reversed because of the failure of the trial court to instruct the jury that it should reject from its consideration Baker's statements, or at least the oral confession, if upon consideration of all the evidence it found that either or both were not voluntarily given. No such instruction was tendered the trial court, as is required by Colo. R. Crim. P. 30. And the failure to tender such an instruction no doubt resulted from the fact that the voluntariness of Baker's two statements was not an issue in the case. As we stated in

*Downey v. People,* 121 Colo. 307, 215 P.2d 892, "Whenever there is evidence, not sufficient to require exclusion of the alleged confession, but sufficient to raise a question as to the weight to which it is entitled at the hands of the jury, the court must refer the question of the voluntarity of the confession to the jury under proper instructions." And the converse of this proposition *is* equally true, namely, when there is *no* evidence which raises a question as to the voluntarity of a confession, the matter need not be submitted to the jury.

As above indicated, counsel appearing for Baker in this Court did not appear for him in the trial court, where Baker was represented by other court appointed counsel.

The judgment is affirmed.

MR. JUSTICE PRINGLE dissenting.

MR. JUSTICE PRINGLE dissenting:

I dissent.

In my view, *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, commands that this case be returned to the trial court for a determination on the question of admissibility of the statements of the defendant in accordance with the rules laid down in that case. See *Compton v. People,* 166 Colo. 419, 444 P.2d 263.

It will not do to say that no issue was made of the admissibility of these statements. The trial judge apparently thought there was a question regarding their admissibility for he held an *in camera* hearing concerning this matter. Unfortunately, his findings, after the *in camera* hearing, do not measure up to the findings required by *Jackson, supra.* I would, therefore, return this case to the trial court with directions to make proper findings as to the admissibility of the statements in question here.