**Jim Frederick BAKER, Petitioner,**

v.

**The PEOPLE OF the STATE of COLORADO and Wayne K. Patterson, Warden, Respondents.**

**Civ. A. C–1320.**

United States District Court
D. Colorado.

Aug. 18, 1969.

Gerald L. Jensen, Denver, Colo., for petitioner.

Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., and Robert L. Hoecker, Asst. Atty. Gen. of Colorado, Denver, Colo., for respondents.

MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

ARRAJ, Chief Judge.

This matter is before the Court on petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is presently incarcerated in the Colorado State Penitentiary under sentences imposed after conviction of the crimes of robbery and conspiracy to commit robbery. Each of the grounds for relief presented here have been previously ruled upon by the Colorado Supreme Court on direct review of petitioner's conviction, Baker v. People, 449 P.2d 815 (Colo.1969), and, accordingly, no problem of exhaustion of state remedies is presented. See Canales v. Baker, 406 F.2d 685 (10th Cir.1969).

We have read the record of the state proceedings. We have held an evidentiary hearing and heard the arguments of counsel. We conclude that petitioner is entitled to relief.

■ Petitioner's first contention is that statements used against him at trial were elicited in violation of the standard of Escobedo v. Illinois, 378 U. S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), in that he was effectively precluded from obtaining counsel during interrogation. Assuming for present purposes that *Escobedo* was violated, we find the claim without merit since, as petitioner recognizes, that decision is not to be given retrospective application. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Petitioner's trial commenced on April 28, 1964 and, under *Johnson, Escobedo* is to be applied only in cases in which the trial began after its date of decision, June 22, 1964.

Baker also urges that this Court adopt the approach utilized in Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966). In *Davis*, the Supreme Court held that the fact that *Escobedo* is not retroactive does not obviate a court's duty to evaluate the voluntariness of confessions under standards of voluntariness of confessions which predate that decision. The Court investigated numerous factors and considered the record as a whole in order to determine that the statements in issue were the involuntary product of extended interrogation in a coercive atmosphere, in violation of constitutional due process. However, the *Davis* situation is not present in petitioner's case, and, for reasons to be outlined below, it is unnecessary for this Court to make a determination of the voluntariness of petitioner's statements.

The second contention of the petitioner is that the trial court failed to rule on the voluntariness of his confession, thereby depriving him of his constitutional right of due process. He bases this claim on violation of the rule of

Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 205 (1964). *Jackson* requires the judge of the trial court to make an initial determination of the voluntariness of any extrajudicial statements of the defendant offered into evidence in a criminal trial. It accepts as satisfying this requirement the orthodox rule which gives the determination of voluntariness to the court alone, leaving for the jury determination of questions of truthfulness and credibility. *Jackson* also accepts the Massachusetts rule which provides for the court to make the initial determination of voluntariness, and if its determination is that the statement offered is voluntary, then the issue of voluntariness must again be determined, this time by the jury on appropriate instruction.

In Sims v. Georgia, 385 U.S. 538, 543–544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593 (1967), the Supreme Court interpreted its *Jackson* ruling, saying that *Jackson* laid down a constitutional rule "that a jury is not to hear a confession unless and until the trial judge has determined that it was freely and voluntarily given. * * * Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity." When we test the ruling of the trial court in the petitioner's case against this standard, we find that the judge did not constitutionally determine the question of voluntariness.

With respect to the petitioner's statement to the police of September 30, the trial court ruled in a hearing out of the presence of the jury:

The Court would rule at this time and at this point that there is nothing before this Court whereby the Court could rule at this time that the statements were voluntary or involuntary. Therefore, voluntariness would be a matter for the jury, as the triers of fact. p. 105 of transcript.

The court further ruled as to petitioner's later statement to police, after voir

dire by both the prosecution and defense:

> Well, as to the October 3rd, 1963, statements, they are extrajudicial statements; there is nothing in the record at this time on which the Court could rule as a matter of law that they are involuntary. Therefore, the question of their voluntariness must necessarily rest with the triers of fact, and the Court would so rule. p. 112 of transcript.

The State rests its defense and justification of these rulings on a distinction between *Jackson* and *Sims* and petitioner's case, which they assert lies in the fact that Baker did not raise the issue of voluntariness by a motion to suppress or testimony during the trial. This distinction is illusory, for in *Jackson* the Supreme Court was satisfied that, although no specific objection was initially made to admission of the confession, the trial court indicated its awareness that Jackson's defense counsel was questioning the circumstances under which the statements were obtained, thereby making voluntariness an issue. This distinction asserted by Colorado was relied on by the Wyoming Supreme Court in Kirk v. State, 421 P.2d 487 (Wyo. 1966), to hold *Jackson* inapplicable where a trial court held an *in camera* hearing concerning the admissibility of a confession, before any issue had been raised on voluntariness by the defendant. The defendant did raise the issue in his case in defense, and the Wyoming dissenters argued that the mere fact that a hearing was conducted out of the presence of the jury was sufficient to show that the defendant was objecting to admission. The United States Supreme Court reversed *Kirk* in a *per curiam* opinion citing *Jackson* and *Sims*. 389 U.S. 53, 88 S.Ct. 245, 19 L.Ed.2d 52 (1967).

■ The fact that at petitioner's trial the court held an *in camera* hearing concerning the extrajudicial statements, asked petitioner's counsel if he had any evidence to offer on voluntariness, and did make the rulings above quoted, sufficiently indicates that voluntariness was an issue. This places Baker within the limits of the *Jackson* requirement that the court be aware that the defendant is questioning the circumstances under which the extrajudicial statements were made. *Jackson* and *Sims* therefore govern the disposition of the petition. We hold that the constitutional rule was not satisfied by the trial court rulings cited above, for the court's conclusion that the confession was freely and voluntarily given does not appear from the record with unmistakable clarity.

■ Since we find that the admission of the statements made by petitioner was not in accordance with the *Jackson* rule, it is unnecessary to consider the failure of the court to instruct the jury on the issue of voluntariness.

Where the habeas corpus petitioner's constitutional right of due process is abridged by the admission in evidence of an involuntary confession in violation of the *Jackson* rule, the appropriate remedy is established by Boles v. Stevenson, 379 U.S. 43, 46, 85 S.Ct. 174, 13 L.Ed.2d 109 (1964). The State of Colorado should be allowed a reasonable time to afford petitioner a hearing on the voluntariness of the extrajudicial statement admitted in violation of the *Jackson* rule, or a new trial at their option. It is noted that such a trial court hearing on the issue of voluntariness was suggested as appropriate by Justice Pringle of the Colorado Supreme Court in his dissent on petitioner's appeal to that court. 449 P.2d 815, 818. It is therefore

ORDERED that within six months from this date petitioner shall be accorded one of the following alternatives:

1) That he be granted a new trial, or

2) That he be given an adequate hearing on the voluntariness of his statements which were received in evidence; and if after such hearing the trial court determines that either or

both of such statements were involuntary, he then be granted a new trial, or

3) Failing both of the above, he shall be discharged from custody.