No. 23234.

JOEL K. WHITMAN *v.* THE PEOPLE OF THE STATE OF COLORADO.
(460 P.2d 767)

Decided October 27, 1969.

WILLIAM CHISHOLM, Public Defender, EDWARD H. SHERMAN, Public Defender, JOSEPH R. QUINN, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, ROBERT C. MILLER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

JOEL K. WHITMAN was convicted of first degree murder and robbery and sentenced to a term of imprisonment in the state penitentiary. His motions for new trial were denied and both convictions were affirmed by this Court on writ of error. *Whitman v. People,* 161 Colo. 117, 420 P.2d 244; *Whitman v. People,* 161 Colo. 110, 420 P.2d 416. Thereafter, Whitman filed a motion under Colo. R. Crim. P. 35 (b) with the District Court of the City and County

of Denver alleging certain violations of his constitutional rights during the course of both of his trials. This motion was denied without a hearing being granted the defendant. Whitman contends that the trial judge was in error in failing to grant a hearing on the questions of (1) the voluntariness of certain confessions made by him and used in his trials, and (2) the extent to which his in-court identification was influenced by an allegedly suggestive lineup. We hold that Whitman's second question was properly denied without a hearing, but we decide that a hearing must be held on the first question and reverse the decision of the trial court thereon.

Rule 35(b) provides that a motion under the rule may be dismissed without a hearing in the case where the motion, the files, and the record show to the satisfaction of the court that the prisoner is not entitled to relief. It was on the basis of this provision that the trial judge denied Whitman a hearing.

The trial judge ruled that both questions presented by the defendant were of a kind that was subject to review on the writs of error previously filed in this Court and, therefore, could not form the basis for a motion under 35(b). In doing so, the judge relied on the case of *Hudspeth v. People*, 151 Colo. 5, 375 P.2d 518.

This Court no longer follows the rule of the *Hudspeth* case. In *People v. Bradley*, 169 Colo. 262, 455 P.2d 199, 200, the court stated:

"* * * Moreover, this Court no longer adheres to the letter of Rule 35(b) which provides that constitutional error must be of a sort not effectively subject to review on writ of error from the conviction. We are now committed to the philosophy that error consisting of a violation of constitutional rights of a prisoner may be raised in a 35(b) proceeding so long as it was not previously raised and disposed of on writ of error. * * *"

It is conceded by both parties that the questions concerning the confessions and the lineup identification were not raised or decided in either of Whitman's writs

of error. Therefore, the judge was in error in concluding for this reason that neither question could form the basis for relief under 35(b).

## I.

Whitman was involved in a high speed automobile chase while fleeing from the scene of a robbery. The chase ended when the vehicle driven by Whitman collided with another at an intersection with considerable force. Whitman was taken to Denver General Hospital for emergency treatment and was retained there for twelve days before being released. Immediately following his arrival at the hospital and at other times during his treatment, Whitman was questioned by police officers and made certain statements, some incriminating and some exculpatory. These statements were admitted into evidence during both of defendant's trials without any objection by the defendant directed toward their voluntariness and without any judicial determination on that question appearing in the record.

Counsel for the People argue that the judge was correct in denying Whitman's motion without a hearing on the voluntariness of his confession because the record reveals that he had waived his right to challenge the confessions by failing to object to their use at trial, in his motion for new trial, or on writ of error.

 It is the duty of the trial judge to determine whether or not a confession was voluntarily made. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; *Compton v. People*, 166 Colo. 419, 444 P.2d 263. The defendant has a constitutional right at some stage in the proceedings to object to the use of a confession and have a fair hearing and a reliable determination on the issue of voluntariness. *Jackson v. Denno, supra; Compton v. People, supra.* It is not necessary that there be an express objection by the defendant to the admission of the confession by a motion to suppress or by contemporaneous objection. The trial judge is required to conduct a hearing when it becomes evident to him that voluntariness is in

issue. An awareness on the part of the trial judge that the defendant is questioning the circumstances under which the statements were obtained is sufficient. *Jackson v. Denno, supra; Baker v. People,* U.S. District Court, Civil No. 1320 (D. Colo., filed Aug. 18, 1969).

In the present case, counsel for the defendant cross-examined the officers who had taken the statements on Whitman's mental and physical condition at the time the statements were taken and whether he had been given any medication. The trial judge should have been aware at this point that the voluntariness of the statements was in issue, and an *in camera* hearing on that issue should have been held with a determination by the judge appearing clearly in the record. Failure to so proceed violated the constitutional right of the defendant to due process of law as set out in *Jackson v. Denno, supra.*

## II.

After his removal from Denver General Hospital and twelve days after the robbery and accident, Whitman was taken to the Denver City Jail where he was placed in a lineup for purposes of identification. He alleges in his motion that while the other men in the lineup wore their own clothing, he was dressed in coveralls marked as belonging to the city jail and that this singled him out for identification. There was no testimony in either of his trials concerning this lineup.

Whitman does not claim that he is entitled to relief under the exclusionary rules set down in *United States v. Wade,* 388 U.S. 218, 87 S. Ct. 1926, 18 L.Ed.2d 1149 and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, since those rules have not been given retroactive application. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. Instead, he argues that the procedure followed during his lineup identification was so suggestive that any identification of the defendant in court influenced by the lineup constituted a denial of due process of law.

■ The test whereby a lineup proceeding is measured against due process of law was set forth by the United States Supreme Court in *Stovall v. Denno, supra.* The question to be asked is whether the confrontation conducted was so unnecessarily suggestive and conducive to irreparable mistaken identification that the defendant was denied due process of law. The answer to this question depends on the totality of the circumstances surrounding the confrontation. *Stovall v. Denno, supra.*

■ As we view the matter, it is clear from the reporter's transcripts of the two trials on the merits that there never was an issue of the identification of Whitman raised in those trials. Whitman's participation in the robbery and the killing for which he was convicted of murder was as the driver of the getaway car. The police officers, whose testimony Whitman now contends was suggested by an unfair lineup, identified Whitman as one of the persons in the getaway car by reason of finding him lying on the pavement at the scene of the accident which resulted in the death of an innocent third person. The police had been chasing the car from the scene of the robbery. Whitman admitted on the stand that he was the driver of the car which fled from the scene of the robbery and was in the accident. Therefore, no issue of identification was raised in these cases. This is a contrived issue. and the trial court was correct in refusing an evidentiary hearing based on petitioner's objection to the lineup procedures.

The judgment is reversed and the cause is remanded with directions to conduct an evidentiary hearing in accordance with the views expressed herein.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE GROVES dissent.

MR. CHIEF JUSTICE MCWILLIAMS: dissenting:

I dissent for the reasons set forth in *Baker v. People,* 168 Colo. 11, 449 P.2d 815. I agree with the statement

in the majority opinion that under *Jackson v. Denno, supra,* a "defendant has a constitutional right at some stage in the proceedings to object to the use of a confession and have a fair hearing and reliable determination of the issue of voluntariness." In my view, however, the facts of the instant case simply do not bring it under *Jackson v. Denno, supra.* Upon trial Whitman did *not* object to the introduction into evidence of the statements made by him to the police officers and on the contrary affirmatively indicated that he indeed had no objection thereto. Furthermore, as I read the record, the issue of the voluntariness of his statements was *not* in any other manner raised by Whitman during the course of his trial. Not only, then, was the issue of voluntariness *not* raised by Whitman either directly or indirectly during his trial, but the issue was not thereafter raised in his motion for a new trial, nor was it even sought to be injected into our prior review upon writ of error of his conviction. Rather, the issue of the voluntariness of Whitman's statements to the police is raised for the first time several years after his trial in a motion under Rule 35 (b). In my view *Jackson v. Denno* does not dictate the result reached by the majority, and I would not extend the rule of *Jackson v. Denno* to include the instant case.

I am authorized to state that Mr. Justice Groves concurs in this dissent.