No. 24514.

THE PEOPLE OF THE STATE OF COLORADO *v.*
HORACE LARKIN SMITH.
(475 P.2d 627)

Decided October 13, 1970.

Duke W. Dunbar, Attorney General, Floyd Marks, District Attorney Seventeenth Judicial District, Stanley B. Bender and S. Morris Lubow, Deputies, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

 This writ of error is brought by the People to review rulings by the trial court regarding the admissibility of statements made by the defendant to the police. Smith, hereinafter referred to as the defendant, was acquitted by the jury, and no brief was filed in his behalf. Two issues are raised: (1) Whether the oral statements made by defendant to police at the time of his arrest were improperly suppressed; and (2) Whether the trial judge was correct in his ruling limiting cross-examination of the defendant with respect to a later written statement which had also been suppressed by the trial court. As to the first issue, we agree with the People that the statements were improperly suppressed and disapprove the trial court's ruling. As to the second issue, we find the record insufficient to properly dispose of the question.

Defendant was charged with forging a parimutuel bet ticket and with attempted theft in trying to cash the ticket. On July 29, 1969, he approached a counter at Mile High Kennel Club and presented a ticket which was apparently a winner from the previous day. The clerk noticed that the numbers on the ticket appeared to have been tampered with. He therefore checked his book. Upon finding that all the winning tickets from that race had already been cashed, he called for the police officer on duty. The parties conceded for the record that when the officer took the defendant to a back office he placed him under arrest. Another officer then entered the room, orally advised defendant of his rights, and then asked if he wished to call an attorney. Defendant attempted two phone calls, but since it was 10 p.m. he was unable to complete either.

He was asked if he wished to make another phone call and he stated that he did not. He advised the officer that he wished to tell him where he got the ticket and proceeded to do so. The officer testified that he asked no

questions concerning what had happened, and that Smith volunteered the statement in question. The trial judge suppressed this statement, holding that the police officers should have, under the circumstances of the case, protected the defendant against making any statement in the absence of an attorney. A second written statement, taken in response to interrogation on the following morning, was also suppressed; however, no error is predicated on this ruling.

While the trial was in progress the Public Defender requested the trial judge to limit cross-examination by preventing the district attorney from asking the same questions that were asked of the defendant when he made the written statements which were suppressed. The trial judge approved this request, but the district attorney failed to read into the record those specific questions he wished to ask.

We will first consider the admissibility of the oral statement, and then point out why we refuse to examine the restriction of cross-examination.

I.

 Ever since the Supreme Court decided *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, several phrases used in the case have been the subject of frequent interpretation. Two of these are "custodial interrogation" and "knowing and intelligent waiver." *Miranda* points out that it is concerned only with *"custodial interrogation."* Both *custody* and *interrogation* must therefore be involved before the rules enunciated in *Miranda* will apply.

 The critical issue then is to determine whether the oral statement in issue here was obtained as a result of "custodial interrogation." The record discloses that although defendant was clearly in custody at the time he made his statement, he was under no form of interrogation, and the statement was not made in response to any questioning regarding the case. Certainly no one would advance the theory that a restatement by the

police of one's rights constitutes "interrogation" within the meaning of *Miranda*. Just as we have held that the police do not have to close their eyes to evidence clearly in view, *People v. Renfrow,* 172 Colo. 399, 473 P.2d 957; *People v. Alire,* 157 Colo. 103, 402 P.2d 610, so do we now hold the police do not have to close their ears to information volunteered to them while they were properly attempting to comply with the *Miranda* guidelines. *People v. Hiles,* 172 Colo. 463, 474 P.2d 153; *Ballay v. People,* 160 Colo. 309, 419 P.2d 446.

Having characterized this case as being one where there was no "custodial interrogation," we do not reach the question of whether there could have been a "knowing and intelligent waiver." We therefore disapprove the trial judge's action in suppressing the statement.

## II.

■■ It is the rule in this jurisdiction that unless the error complained of concerns a basic constitutional right, we will not review it unless it has been preserved for the record in the proper manner. *Baker v. People,* 168 Colo. 11, 449 P.2d 815; *Brown v. People,* 158 Colo. 561, 408 P.2d 981. As the defendant was acquitted, no such constitutional right is herein involved. In this case, when the trial judge intimated he would limit cross-examination, the proper procedure for the district attorney would have been to read the specific questions he wished to ask into the record. We will not speculate as to what such questions might have been.

The ruling of the trial court on Point I is disapproved.

MR. CHIEF JUSTICE MCWILLIAMS not participating.