*97 Opinion by
MR. JUSTICE ERICKSON.
The defendant was charged with first-degree assault (1971 Perm. Supp., C.R.S. 1963, 40-3-202),[1] and first-degree arson (1971 Perm. Supp., C.R.S. 1963, 40-4-102).[2] He was convicted by a jury of first-degree assault and sentenced to the Colorado state penitentiary. The undisputed evidence is that the defendant doused his wife with gasoline and struck a match to her clothing. As a result, she was severely burned.
On appeal, the sole asserted error which merits discussion relates to a remark which the defendant made at the time he was arrested. When the defendant was taken into custody, he asked why he was being arrested and was told that a witness had informed the police that the defendant had set fire to his wife. The defendant then denied that he had done such a thing. While the defendant was in custody, it is clear from the record that his own initiative in asking why he was being arrested was met with a good-faith reply. To complain that a volunteered response to the police reply was inadmissible on Miranda grounds is to distort the context and purposes of the Miranda decision. There was no basis for a claim that the officers sought to extract a statement by confronting the defendant with another’s accusation. The defendant was not “interrogated” in any sense. The denial, under the circumstances here, does not fall within the protective provisions of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See Larkin v. People, 177 Colo. 156, 493 P.2d 1 (1972); People v. Smith, 173 Colo. 10, 475 P.2d 627 (1970); In re Orr, 38 Ill.2d 417, 231 N.E.2d 424 (1967).
As to the defendant’s other claims, we are convinced that the errors, if any, were harmless and did not prejudice the rights of the defendant. The evidence introduced at trial over the defendant’s objections was merely cumulative of other overwhelming and competent evidence of the defendant’s guilt. Any error was harmless beyond a reasonable doubt. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).
Judgment affirmed.
MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES, and MR. JUSTICE LEE concur.

 Now section 18-3-202, C.R.S. 1973.

 Now section 18-4-102, C.R.S. 1973.